THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH CORBO and RUDOLPH SANTOBELLO, Appellants.

First Department, June 21, 1954.

*Whitman Knapp* of counsel (*Chester E. Kleinberg* with him on the brief; *Whitman Knapp,* attorney), for Joseph Corbo, appellant.

*Joseph Lonardo* for Rudolph Santobello, appellant.

*George Tilzer* of counsel (*Herman J. Fliederblum* and *John B. Lee* with him on the brief; *George B. DeLuca, District Attorney, Bronx County,* attorney), for respondent.

*Per Curiam.*  Defendants have been convicted of murder in the first degree committed as an incident to a felony and on the jury's recommendation were sentenced to life imprisonment.

The main question on appeal is whether there is sufficient proof of participation of both defendants in the commission of the felony to which the homicide was an incident.  Without such proof, the conviction of appellant Santobello would not stand; and the conviction of appellant Corbo would be reduced to manslaughter in the first degree, a result that he requests on this appeal.

It could be found readily by the jury that both defendants kidnapped and assaulted one Sgueglia by forcibly seizing his automobile, taking control of it, and driving away.  In the course of this operation Sgueglia resisted vigorously and was beaten, but by grabbing the wheel he forced the car over a curb and on to the sidewalk where it stopped after crashing into some hedges in front of a house.

Alfred Loreto, a policeman living in the neighborhood and off duty, noticing that the Sgueglia car was swerving in the street, got into his own car and followed it.  When the Sgueglia car ran on to the sidewalk Loreto stopped his car about thirty yards behind it.

From the evidence in the case, including the testimony of the defendants themselves on the trial, and entirely apart from the admissions made to authorities by the defendants before trial, the jury could find that as soon as the Sgueglia car stopped, the doors flew open and both defendants ran rapidly back toward the Loreto car. From Corbo's testimony it could be found that he then carried a gun in his hand.

From the testimony of another witness it could be found that Corbo on reaching the Loreto car, forcibly thrust himself into it and remained there ten to fifteen seconds; that a struggle ensued between Loreto and Corbo, with the defendant Santobello standing close by, at the end of which, Corbo shot and killed Loreto.

The felony on which the People's charge of murder is based is the attempt by defendants to seize the Loreto car to escape the scene of their previously completed crime. Thus it is the theory of the People that the homicide was in furtherance of a purpose by both defendants to steal the Loreto car to aid in escape. Proof of the previously completed crime was competent on the question of the intent with which they approached the Loreto car.

The testimony of the defendants was to the effect that they approached the Loreto car under the impression it was a car operated by a confederate who had come there to aid their escape. The jury was not bound to credit this explanation but might weigh into consideration other proof relating to the approach of defendants to the Loreto car and their purpose in approaching it.

Upon the question of their joint purpose to use the Loreto car to escape by seizing it, the jury was free to find the need of both defendants, both concededly having together completed another crime, to get quickly from the scene; their running together toward the Loreto car; and Corbo, gun in hand, thrusting himself forcibly into the car, while Santobello, who had run there with him, stood by until resistance of the driver developed.

It is a fair inference that if two men, having jointly committed one crime and under imperative need to get away, run together toward another automobile, one getting into it and the other standing by, that they intended to make use of the second automobile.

The explanation given by the defendants is not that they did not intend to use a car to get away together; but rather that they expected to use another car for that purpose. The color of

the car they expected to use differed from Loreto's car and was a different make; and whether any such car was expected to be usable by the defendants was a fair question of fact. Equally open on this record, we think, was the purpose of defendants to seize the Loreto car for the same utilization of escape. If this could be found, the conviction of both defendants for the murder as a homicide incident to a felony has a sound basis.

We have examined the questions thus presented with reference to the pretrial statements to the police and District Attorney attributed to the defendants after their arrest. The statements are challenged as being induced by force. The question of the voluntary nature of the confessions was submitted to the jury and the jury was instructed to disregard the statements thus made if it found they were not voluntary.

Essentially the statements were directed to an intent by the defendants to seize the Loreto car to continue their escape. They tended to give some slight and limited support to such an intent by both defendants; but the evidence of intent in the swift sequence and direction of events as they occurred was otherwise abundantly proved and fully sustained the verdict as to both defendants.

Counsel for defendant Corbo who prosecuted this appeal on our assignment met the duty thus given him with a devotion that accords with the long tradition of the profession, a devotion in which counsel for Santobello on behalf of his own client gave full measure.

The judgments should be affirmed.

PECK, P. J., CALLAHAN, BASTOW, BOTEIN and BERGAN, JJ., concur.

Judgments unanimously affirmed.