■ SHIRLEY BOTWIN, Respondent, v. ALFRED BOTWIN, Appellant.— Judgment of the Supreme Court at Special Term, entered on April 30, 1968 in Bronx County, unanimously modified on the law and the facts to the extent of reducing the counsel fee to $5,000 and as modified affirmed, without costs or disbursements to any party. The services rendered in the trial would not merit a fee in this amount. However, defendant's practice of never paying alimony until found in contempt necessitated additional services, practically equal in extent to those rendered in the balance of the action. Concur — Eager, J. P., Steuer, Capozzoli, Tilzer and McGivern, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH CORBO, Appellant. THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH CORBO, Appellant, v. MILTON KLEIN, as Warden of the Bronx House of Detention for Men, Respondent.— Order entered August 12, 1966 unanimously affirmed. In 1951 defendant was convicted of murder, first degree and sentenced to life imprisonment. That judgment was affirmed (284 App. Div. 273, 307 N. Y. 928). Thereafter, the Court of Appeals (7 N Y 2d 990) granted a motion to amend the remittitur to conform to the mandate in *United States ex rel. Corbo* v. *La Vallee* (270 F. 2d 513) to provide that the judgment was reversed and a new trial ordered. The second trial resulted in a judgment of conviction for murder, second degree, which was subsequently reversed by this court and a new trial granted (17 A D 2d 351). Appellant then pleaded guilty to manslaughter, first degree and was sentenced to a term of 10 to 20 years. This sentence was not pronounced *nunc pro tunc* and defendant now appeals from an order denying a motion to amend the judgment to so provide. At common law a sentence ran from the day it was imposed although the court might consider in mitigation of the severity of it, the time a defendant had been in custody awaiting trial. (*People ex rel. Stokes* v. *Warden,* 66 N. Y. 342.) Similarly, upon a resentencing the court in its discretion may fix the date thereof as of the time when the original sentence commenced. (Cf. 21 Am. Jur. 2d, Criminal Law, § 545.) We find nothing in the record, however, that moves us to conclude that the sentencing court improvidently exercised its discretion in refusing to impose the sentence *nunc pro tunc* as of 1951 or 1961 — the respective dates of the prior sentences. In passing, however, we direct attention to the ameliorative provision of subdivision 4 of section 2193 of the Penal Law, effective March 29, 1960, which mandates that where a judgment of conviction is vacated and a new sentence imposed with respect to the same crime any time spent under the original sentence shall be deducted from and credited to the term of sentence subsequently imposed. (See, also, Penal Law [Revised], § 70.30, subd. 5.) We take judicial notice of the fact that on March 11, 1968 appellant was released on parole which would have been legally impermissible as to a 10-year minimum service imposed in 1964 except for the beneficial provision of the 1960 amendment of section 2193. Thus, inferentially, it appears that these statutory provisions have been implemented by the appropriate administrative authority. Order entered June 26, 1967 unanimously affirmed. [See above memorandum.] Concur — Eager, J. P., Steuer, Rabin, McNally and Bastow, JJ.